# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
March 27, 2013

Lyle W. Cayce
Clerk

No. 12-20160
Summary Calendar

WILLIAM HARRIS,

Plaintiff-Appellant

v.

PATRICIA LYKOS,

Defendant-Appellee

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:12-CV-393

Before STEWART, Chief Judge, and KING and CLEMENT, Circuit Judges.

PER CURIAM:[*]

William Harris, Texas prisoner # 1122330, was convicted of murder and unsuccessfully sought DNA testing under Chapter 64 of the Texas Code of Criminal Procedure. He filed in the district court a pro se complaint under 42 U.S.C. § 1983 arguing that he was denied procedural due process when he was denied DNA testing of certain crime scene evidence.

The district court sua sponte dismissed Harris's complaint under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim. We review the dismissal of

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Harris's complaint de novo "using the same standard applicable to dismissals under Fed. R. Civ. P. 12(b)(6)." *Hale v. King*, 642 F.3d 492, 497 (5th Cir. 2011). "[D]istrict courts should not dismiss pro se complaints pursuant to Rule 12(b)(6) without first providing the plaintiff an opportunity to amend, unless it is obvious from the record that the plaintiff has pled his best case." *Id.* at 503.

To state a claim under § 1983, a plaintiff must allege that there was a violation of a right secured by the Constitution or laws of the United States and that the deprivation was committed by a person acting under the color of state law. *Sw. Bell Tel., LP v. City of Houston*, 529 F.3d 257, 260 (5th Cir. 2008). While there is no freestanding right for a convicted defendant to obtain evidence for post-conviction DNA testing, such a right may be created by state law. *District Attorney's Office for the Third Judicial Dist. v. Osborne*, 557 U.S. 52, 67-73 (2009). Texas has created such a right, which is found in Chapter 64 of the Texas Code of Criminal Procedure. The constitutional right at issue in the instant case is procedural due process – whether the defendant is unconstitutionally denying Harris his right to post-conviction access to DNA evidence. *See Skinner v. Switzer*, 131 S. Ct. 1289, 1293 (2011) (holding that a post-conviction claim for access to evidence for DNA testing is properly brought under § 1983); *Garcia v. Castillo*, 431 F. App'x 350, 352-53 (5th Cir. 2011) (reviewing claim concerning denial of post-conviction access to DNA evidence brought under § 1983). Federal courts "may upset a State's postconviction relief procedures only if they are fundamentally inadequate to vindicate the substantive rights provided." *Osborne*, 557 U.S. at 69.

The district court concluded that Harris failed to state a claim recognized at law. Under *Skinner*, that conclusion is incorrect, and the district court should have determined whether the postconviction relief procedures as applied in Harris's case were "fundamentally inadequate to vindicate the substantive rights provided." *Osborne*, 557 U.S. at 69. Because the district court erred in dismissing sua sponte Harris's § 1983 complaint seeking DNA testing for failure

to state a claim without first giving him an opportunity to amend his complaint to state his best case, the district court's dismissal is VACATED and the case is REMANDED for further proceedings.  *See Hale,* 642 F.3d at 503-04.